UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____-Civ. _____

2:21-cv-14035-AMC

FILED BY _____ D.C.

JAN 2 2 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

ANA MARIA SOARES,

Plaintiff

vs.

ROBERT A. MEEKS and JOSHUA K. MEEKS d/b/a MEEKS REALTY, MEEKS REALTY
and INSURANCE LLC, SELL4FREE, MP and PM LLC, and MEEKS PROPERTY and
PROPERTY MANAGEMENT

Defendants

_____/

## COMPLAINT

Ana Maria Soares, Plaintiff in the above styled cause ("Plaintiff"), sues Defendants
Robert A Meeks and Joshua K. Meeks d/b/a Meeks Realty, Meeks Realty & Insurance LLC,
Sell4Free, MP and PM LLC, and Meeks Properties & Property Management ("Defendants")
jointly and severally, for civil damages and equitable relief.

## JURY DEMAND

Plaintiff demands a jury trial.

## INTRODUCTION

1. Jurisdiction is based on diversity of citizenship, Title 28 U.S.C. section 1332 et seq., and
federal question under federal substantive law, as a violation of the Interstate Commerce Clause
of the U.S. Constitution, and the Sherman Act (15 U.S.C. sections 1,2).

1

2. The Plaintiff, Ana Maria Soares, is a citizen and resident of St Lucie County, Florida, located within the Southern District of Florida, and all Defendants, Robert A Meeks, Joshua K. Meeks and the LLCs, business names and member Megan Meeks, are Indiana citizens and Indiana business entities. Venue is proper in the U.S. District Court, Southern District of Florida. Communications, written, email, and documents, and oral by telephone, between Plaintiff and Defendants, occurred while the Plaintiff was a citizen and resident of California and the Defendants, individuals, LLCs, members of LLCs, were citizens and residents of Indiana.

3. Defendants engaged in an interstate real estate business soliciting business outside the state of Indiana. Defendants had a website on the internet under the business name Sell4Free. Defendants were also listed on multiple real estate sites such as Zillow, Realtor.com, and Trulia as a real estate brokerage business under the names Meeks Realty, Meeks Realty & Insurance LLC, and Meeks Properties & Property Management. Defendants engaged in seeking and obtaining the Plaintiff as a client for their real estate business through the internet and through the telephone from Indiana.

4. Plaintiff never lived in Indiana, was never a resident of Indiana, and owned the real estate in Indiana that is the subject of this action from California having never visited or seen the property. Plaintiff is not a real estate professional, and was introduced to the Defendants through the internet and through telephone conversations with Defendant Robert Meeks. Plaintiff retired and moved to Florida in October 2020 and has been a citizen and resident of Florida since, when she discovered the tortious actions, federal violations and breach of contracts by Defendants.

5. Defendants Robert Meeks and his son, Joshua K. Meeks, with whom he is in business as Meeks Realty with a former business address of 702 S Main St., Princeton, IN and current business address of 1022 E Broadway St., Princeton, IN are Indiana citizens operating a real estate brokerage and agency business in Princeton, Indiana with an active brokerage company license RC19600025 and individual licenses RB14011095, for Robert Meeks and RB14038950 for Joshua Meeks with five employees with active broker licenses under their employ and other

2

staff.

6. Robert A Meeks and Joshua K. Meeks are successful and experienced real estate brokers and investors in Gibson County, Indiana, with Robert A. Meeks owning seven business and residential properties in Gibson County including the real estate business located at 1022 E Broadway, and Robert A Meeks and his wife Inez owning eight other business/single family homes in Gibson County. Joshua, Robert and Megan Meeks as MP & PM (Meeks Property and Property Management) LLC own 25 other properties including Plaintiff's former property and Robert and Joshua Meeks own jointly two other properties, single family homes, in Gibson County.

7. In April 2005, Robert Meeks filed articles of organization with the Indiana Secretary of State for a perpetual domestic limited liability company Meeks Realty & Insurance LLC, with a jurisdiction of Indiana and  principal office address of 1022 E Broadway St., Princeton, IN . Robert Meeks was the registered agent with a registered office located at 702 S Main St., Princeton, IN.  Robert Meeks filed on 2/20/2019 the business entity report with a current registered office as 1022 E Broadway St., Princeton, IN,  Robert Meeks as  registered agent and President, with a service of process email, meeksrealty@gmail.com. On 1/9/2020, Robert Meeks resigned as the registered agent.  On 1/9/2020, Joshua Meeks filed as registered agent for Meeks Realty & Insurance LLC with the same registered agent address, 1022 E Broadway St., Princeton, IN 47670, and the service of process email, jmeeksrealty@gmail.com.

8. On 7/22/2013, Joshua K Meeks filed articles of organization for MP and PM LLC, as a perpetual domestic limited liability company with himself as registered agent and a registered agent office of 102 N. Cross St, Francisco, IN, 47649. On 1/7/2014, MP and PM LLC assumed the business name of Meeks Property & Property Management and filed a certificate of assumed business name with the Indiana Secretary of State with a business address of 702 S Main St., Princeton, IN 47670 and a principal office address of 8225 E 300 S, Oakland City, IN 47660. Joshua Meeks signed as manager/member/organized agent. Megan Meeks, also an Indiana resident, is also a member of the LLC.  For 2019/2020, Joshua K. Meeks filed the report with the

3

Indiana Secretary of State for MP & PM LLC as it's registered agent with the address of 8225 E 300 S Oakland City, IN 47660, and filed the annual report 1/4/2021 for MP & PM LLC with the Indiana Secretary of State with the same registered agent and address.

9. On or about February of 2011, Robert A. Meeks, a real estate broker with an active Indiana real estate broker company license number RC19600025 and RB14011095 under the business names Meeks Realty and Sell4Free and an office address at 702 S Main St., Princeton IN, 47670, was retained by the Plaintiff as her listing agent to sell her property, a single family home, located at 1108 S Prince St., Princeton, IN 47670.  Plaintiff came across Defendant Robert Meeks and his business over the internet while searching for a real estate agent in Princeton to represent her in the sale of her property. Plaintiff never met Defendant Meeks in person and did not know the Defendant. Robert Meeks knew the Plaintiff had never been to Indiana and never seen the home located at 1108 S. Prince St., Princeton, Indiana, which was purchased as an investment property.  Robert Meeks represented himself over the telephone as an experienced real estate broker and professional who had an office located in the same city where the property was located and that he could represent her fully and faithfully in obtaining the highest and best price for her property.

10. Plaintiff referred to Defendant Meeks a potential buyer, a Mr. John Stephens, a veteran with a business, who was interested in signing a real estate contract for the property, who saw the property was for sale.

11. From February to April 2011, Defendant Meeks failed to make reasonable and diligent efforts to sell the Plaintiff's single family home at a fair and equitable market price. Defendant Meeks failed to keep in touch with the Plaintiff or inform her of the efforts to sell her house or conditions of the market and send her comparable home sales. Defendants failed to contact or communicate with Mr. Stephens, the potential buyer, referred to them by the Plaintiff.  Defendant Meeks failed to inform Plaintiff of any open houses or showings of her property, or send her listings and comparable properties for sale or take photographs to promote the property and post

them on the real estate websites commonly used for property sales. To Plaintiff's knowledge, no photos of the interior of her property appeared on any internet websites such as Zillow, Realtor.com, or Trulia.

12. Defendant Meeks verbally disparaged Plaintiff's home in phone conversations, did not advise her to seek an appraisal or other estimate of value. Defendants made no suggestions to increase the appeal of her property, or to increase traffic. Defendants failed to send Plaintiff links to sites where the property was advertised for sale, or to inform her of the results of showings, of comments by other agents, or whether he conferred with John Stephens.

13. Defendant Meeks was operating under the business name Sell4Free, with several agents and office staff under his employ and with a website and an email address he used to communicate with the Plaintiff, r.meeksrealty@insightbb.com, and an office located at 702 S Main Street in Princeton, IN 47670, in the city where the Plaintiff's property was for sale.

14. Plaintiff was a resident of California at the time, and was a divorced working mother of two small children and did not have the ability to visit Indiana due to her employment, which consumed all her free time. Plaintiff was not a real estate professional and had no knowledge of the real estate market in Indiana.

15. At the end of March 2011 Defendant Meeks persuaded the Plaintiff that there were no offers for the property and that the property was not worth much and offered to buy it from her, telling her he knew a businessman/investor who would buy it from him. Defendant Meeks represented that the property had very little value and he hadn't found any suitable buyers. The Plaintiff at the time was attempting to purchase a property closer to her work in Bakersfield CA to cut down on her 104 mile commute and relied on her agent's representations, expecting him to have made all diligent efforts to sell the property and to have represented her faithfully and in good faith. Plaintiff's ability to buy a property closer to her work for her and her family was dependent on her selling the Princeton, Indiana house.

16. Defendant Meeks represented that he could save the Plaintiff closing costs by dispensing with a title company as he was an experienced licensed real estate broker. Defendant Meeks never sent the Plaintiff any break down of the settlement, or other documents indicating he was fulfilling his duties as closing agent.

17.  Defendant Meeks completed the seller disclosure, indicating there was a business relationship between the seller and buyer and that he was the Plaintiff seller's listing agent.  He also indicated the contract term was from 2011 to 2013 with a 25 month term, claimed he was financing the purchase with a $6,250.00 loan, and signed the contract March 19, 2011 (Exhibit C hereinafter "Disclosure").

18. Defendant Meeks drafted a Contract for Sale over time of the single family house located at 1108 S Prince St., Princeton, Indiana, (filed copy Exhibit A hereinafter "Contract") allowing a purchase price of $10,250.00 with a down payment of $4,000.00 and monthly payments thereafter. Defendant represented the property was for another investor. Defendant represented that he was obtaining a loan for $6,250.00 and indicated this on the Disclosures (Exhibit C). Defendants represented the price was a fair market value of the property. Defendant Meeks represented he was an experienced professional in drafting contracts.  Defendants mailed the Contract to Plaintiff in California from Indiana. Plaintiff signed the contract March 25, 2011 in California and Defendant Meeks signed the contract March 31, 2011 in Indiana.

19. Defendant Meeks insisted the Plaintiff also sign (although the Contract was not to be concluded until 2013) a Special Warranty Deed (filed copy Exhibit B hereinafter "Deed") March 29, 2011. Defendant Meeks represented that the Deed would not be filed until after the conclusion of the contract in 2013 and after Plaintiff's receipt of the final payment. The address of Defendant Meeks was indicated as his business address, 702 S. Main St., Princeton, IN 47670.

20.  Defendant Meeks made material changes to the Contract after his receipt of the Contract signed and notarized from the Plaintiff and before filing the contract April 12, 2011 with the

6

Gibson County Recorder's Office. Defendant Meeks filed the Deed, on the same day, violating his agreement with the Plaintiff. The material changes to the contract appear on page 2 of the contract, c, a deletion, and page 3, paragraph 1 is added and appears under Taxes and Insurance though no relation to taxes and insurance is noted.  The Contract then jumps to roman numeral V with a blank area above it.

21. Defendant Meeks failed to send the Plaintiff, his client,  a stamp filed copy of either the Contract or the Deed, despite her repeated requests as late as January of 2012, and to this day has not done so. Defendants failed to send the Plaintiff any closing documents although they acted as well as her closing agent.

22.  In November of 2020, Plaintiff, now a resident of Florida, in reviewing an online real estate website, discovered the property was sold in 2014 to an entity titled MP and PM LLC. On further research Plaintiff discovered that Robert A. Meeks was a principal in the business with his son Joshua Meeks, and the initials stood for Meeks Property and Property Management. Defendant Meeks had not sold the Plaintiff's property to an unrelated buyer but kept it for himself and sold it to a domestic LLC in which he was a principal.

23. Suspecting foul play, Plaintiff thereupon requested from the Gibson County Recorder's Office filed copies of the Contract and Deeds on the subject property on or about November 2020. Plaintiff then discovered that the property she sold to Robert Meeks believing his representations that it was for another buyer, was sold on 2/14/2014 by him to MP & PM  LLC, which has a business name of Meeks Property and Property Management and employed Robert Meeks' son, Joshua Meeks, as managing agent. (Exhibit D, Warranty Deed, hereinafter "Deed to MP & PM")

24.  Plaintiff also discovered in November 2020 that the Contract had been altered prior to filing with the Gibson County Recorder's Office, and that the Deed was filed the same day as the Contract, April 12, 2011, despite Defendant Meeks' representation to the contrary. Plaintiff then

discovered that the Defendants had made material misrepresentations, failed to make required disclosures, breached the Contract and listing agreement, defrauded her, breached their fiduciary duty and covenants, and used her property and confidential information for their own business purposes.

## FIRST CAUSE OF ACTION - BREACH OF CONTRACT I

1. Plaintiff incorporates Paragraphs One through Eight of this Complaint, jurisdiction and venue.

2. Plaintiff incorporates Paragraphs Nine through 24 of the Complaint.

3. Defendants violated and breached the terms of the Contract by materially altering the contract which Defendants had drafted before filing the Contract with the Gibson County Recorder's Office and filed the Deed on the same day despite her agent, Robert Meeks', agreement to the contrary with the Plaintiff. Defendants, individuals and business entities, altered the signed and notarized Contract and filed the Deed at the same time as the Contract to promote their own interests, and deceive the Plaintiff.

4. Defendants breached the contract by not disclosing in the contract that the sale was to the agent of the Seller, and other disclosures, in contravention of the covenants of good faith and fair dealing and as her agent. The Contract violated Indiana law as a purchase by the Seller's realtor from his client during the realtor's representation of his client. The contract was flawed and defective as prepared by the Defendants, Plaintiff's experienced realtor and the real estate company that represented her in the sale of her property.

5. Defendants represented Plaintiff as settlement agent and title company in the sale, a conflict of interest. Defendants did not provide the Plaintiff with a settlement statement, or loan information regarding the loan Defendant Meeks was obtaining.

6. As a result of the breach of and defective Contract prepared by the Defendants, Plaintiff sustained damages.

## SECOND CAUSE OF ACTION - BREACH OF CONTRACT II - COVENANTS

1. Plaintiff incorporates Paragraphs One through Eight of this Complaint, jurisdiction and venue.

2. Plaintiff incorporates Paragraphs Nine through 24 of the Complaint.

3. Defendants breached the covenants of good faith and fair dealing by failing to disclose, as her agent, their intentions for her property and their use of her property during the Contract term and thereafter, during the agency relationship. Defendants violated Indiana law by purchasing a property from their Principal during an agency relationship as Defendants' real estate business was her listing agency. Defendants breached the Covenants by failing to promote her property and obtain the highest and best price for her property and better terms, such as an outright sale rather than a Contract for payments over two years to themselves.

4. Defendants breached the Covenants by misrepresenting and concealing the condition of her property, failing to take photographs and show her the property, knowing that the plaintiff had never visited the property, and using her property during the contract term without her knowledge. Defendants took advantage of their superior knowledge as Realtors to deceive the Plaintiff and use their position of confidentiality as her agent to exert undue influence and duress on the Plaintiff to obtain advantageous terms for themselves.

5. Defendants represented Plaintiff as her settlement or title company, a conflict of interest, and failed to exercise the duties of a title company. Plaintiff sustained damages as a result of the Defendants' wrongful conduct.

THIRD CAUSE OF ACTION - BREACH OF LISTING AGREEMENT

1. Plaintiff incorporates Paragraphs One through Eight of this Complaint, jurisdiction and venue.

2. Plaintiff incorporates Paragraphs Nine through 24 of the Complaint.

3. Defendants violated the listing agreement with the Plaintiff by not faithfully and honestly representing her in her best interests in the sale of her property. Defendants, individuals and business entities, had a duty of disclosure and loyalty, to promote her property, adequately advertise it through the internet, print, and other means accessible by the general public, and to

disclose the reasons for their interest to acquire the property for themselves and for what purpose. Defendant Meeks misrepresented that he was obtaining the property for another individual, and never revealed it was for his own business purposes.

4. Defendants failed to provide the Plaintiff with a written listing agreement, and were required to maintain a copy of the listing agreement in the principal place of business, violating Indiana Law. (IC25-34.1-2-5) Defendants used undue influence on the Plaintiff, used their knowledge of her financial condition obtained during conversations when they were representing her as her agent, and misrepresented the condition of her property, to take advantage of the Plaintiff and persuade her to sell to them at a low price.

5. Defendants breached the listing agreement by representing her in the settlement as a title company against her interest.  Defendants were not qualified to act as Plaintiff's closing or settlement agent, as they were also her listing agent and the buyer, a conflict of interest, and violated Indiana law.  As a result of the Defendants' breach of and failure to adequately perform the listing agreement, Plaintiff sustained damages.

FOURTH CAUSE OF ACTION - MISREPRESENTATION/FAILURE TO DISCLOSE

1. Plaintiff incorporates  Paragraphs One through Eight of this Complaint, jurisdiction and venue.

2. Plaintiff incorporates Paragraphs Nine through 24 of the Complaint.

3. Defendants acted as Plaintiff's agent at all times during the Contract. Defendants corresponded with the Plaintiff by mail, email, and by phone. The content of the communications dealt with the sale of the property to the Defendants through the Contract for Sale over two years' time, which was Defendant Meeks idea, and which he promoted, due to his supposedly finding a business buyer for the property.  Defendant Meeks set the down payment of $4,000.00, the payment terms over two years, and all other terms of the Contract. The Contract for Sale was not a standard form contract regularly used in the industry.

4. Defendants violated the real estate agency statute of Indiana in purchasing Plaintiff's property without first making their position known to the Plaintiff. (IC25-34.1-2-5)  The correspondence

between the Defendants and the Plaintiff did not include any correspondence regarding attempts to sell the property to a disinterested third party by the Defendants.

5. Defendants violated their duties of loyalty, disclosure, reasonable care, good faith, fair dealing and diligence. Defendants were required by law to disclose to their Principal and client, the Plaintiff, all financial details about the Buyer, Robert Meeks, and the Contract. Defendants failed to provide the Plaintiff with a closing or settlement statement, and inappropriately acted as her title company, a conflict of interest. Defendant Meeks misrepresented that he was obtaining a loan or mortgage for the property in the Disclosures (Exhibit C). Defendants were required by law to act solely for the benefit of their Principal and real estate client. This they failed to do.

6. Defendants violated the duty of good faith, loyalty and fair dealing in the listing agreement, representation of the Plaintiff by the Defendants for the sale of her property, in the agency relationship, in preparing a Contract for Sale to themselves which was contrary to the principal's interests, and using her property during the contract term for their own business purposes.

7. Defendants misled the Plaintiff regarding the condition of her property, misrepresented their intentions, took advantage by their superior knowledge and experience in real estate for their own benefit, and not for the benefit of their Principal and real estate client.

8. Defendants unfairly and unduly influenced the Plaintiff to sell to them rather than change her listing agent and sell through another agent, or use a separate title company, and misused confidential information of the Plaintiff obtained during the agency relationship to promote Defendants' interests. As a result of the failure to disclose and misrepresentations, Plaintiff sustained damages.

## FIFTH CAUSE OF ACTION-FRAUDULENT CONCEALMENT

1. Plaintiff incorporates Paragraphs One through Eight of this Complaint, jurisdiction and venue.

2. Plaintiff incorporates Paragraphs Nine through 24 of this Complaint.

3. Defendants fraudulently concealed material facts from the Plaintiff, despite the existence of a

fiduciary relationship between Defendants and the Plaintiff. Defendants failed to send Plaintiff photos of the interior of the property, show the property, advertise the property diligently, failed to represent Plaintiff as the listing agent, failed to send her comparable sales, or obtain or indicate she should obtain an appraisal for the value of the property.

4. Defendants transferred their customer's property from Robert Meeks, to MP & PM LLC, a domestic LLC registered by Joshua Meeks, who was in business with his father Robert in Meeks Realty and Insurance and Meeks Property and Property Management LLC, with the same business address, and failed to disclose their intentions to use her property for their own business purposes..

5. Defendants transferred the property for their own business interests and further concealing that it was purchased by Robert Meeks from his own client, during the agency relationship, contrary to Indiana law. Defendants filed an altered Contract, and failed to send the Plaintiff filed copies of the Contract and Deed, despite the fact they were representing her as her agent. Defendants concealed the condition of her property from the Plaintiff, and actually used her property for their own business purposes during the Contract.  Defendants filed the Deed the same day as the Contract, despite the fact the Contract had not been performed and contrary to their agreement with the Plaintiff.

6. Defendants acted as settlement agent for their own advantage and not to the advantage of their client, the Plaintiff, a conflict of interest, and to conceal their actions from a third party. Defendants concealed from the Plaintiff that they were not qualified to act as settlement or closing agents in the state of Indiana under these circumstances where they were also her real estate agent and the buyer.  As a result of the Defendants' fraudulent concealment, the Plaintiff sustained damages.

SIXTH CAUSE OF ACTION-CONSTRUCTIVE FRAUD

1.Plaintiff incorporates Paragraphs One through Eight of this Complaint, jurisdiction and venue.

2. Plaintiff incorporates Paragraphs Nine through 24 of this Complaint.

3. Defendants committed constructive fraud by not properly advertising, photographing, and promoting the sale of Plaintiff's property to an impartial buyer through the media and internet because Defendants desired the property for themselves.

4. Defendants failed to send the Plaintiff filed copies of the Contract because they had altered the contract. Defendants failed to send Plaintiff the filed copy of the Deed because the Deed was filed the same day as the Contract despite Defendants' representations to the contrary.

5. Defendants hid and failed to reveal the intention not to sell to an interested impartial buyer but to sell the property to their own entities, and use the property as their own. Defendant Meeks falsely claimed in the Disclosures that he was obtaining a loan or mortgage (Exhibit C).

6. Defendants used the property during the Contract term for their own business purposes, without informing the Plaintiff of their intentions or fully disclosing the value of the property or disclosing their lack of attempts to sell the property at a higher price, or pursue a potential buyer referred by the Plaintiff.

7. Defendants acted as Plaintiff's settlement agent without fulfilling the duties of a settlement agent, and to conceal their fraudulent actions from third parties. Defendants violated Indiana law regarding their failure to disclose and purchasing from their client the property they were to sell for her without disclosures. Plaintiff sustained damages as a result of the Defendants' constructive fraud.

## SEVENTH CAUSE OF ACTION-BREACH OF FIDUCIARY DUTY

1. Plaintiff incorporates Paragraphs One through Eight of this Complaint, jurisdiction and venue.

2. Plaintiff incorporates Paragraphs Nine through 24 of this Complaint.

3. Defendants breached their fiduciary duty to the Plaintiff to act in good faith as her agent. Defendants failed to photograph and promote the property through open houses, showings, on the web and advertisements. Defendants failed to keep Plaintiff informed, insisted her property was of no value, and promoted their own interests above the interests of the Plaintiff, their client.

4. Defendants used knowledge of the Plaintiff's duress for their own benefit, to encourage her to sell to them. Defendants prepared a defective contract, failing to disclose their intentions, violating Indiana law, altered the Contract before filing, filed the Deed before payment for the property, and failed to impartially and fairly represent Plaintiff as her settlement agent and title company.  Defendant failed to provide the Plaintiff with a settlement statement on closing.

5. Defendants failed in their fiduciary duty by buying the Plaintiff's property to use in their own business, during the agency relationship, contrary to law, and not for the benefit of the Plaintiff, their client. As a result of the Defendants' breach of fiduciary duty, the Plaintiff sustained damages.

## EIGHTH CAUSE OF ACTION-FRAUD IN THE INDUCEMENT

1.Plaintiff incorporates Paragraphs One through Eight of this Complaint, jurisdiction and venue.

2. Plaintiff incorporates Paragraphs Nine through 24 of this Complaint.

3. Defendants committed fraud in the inducement to persuade Plaintiff to sell to her listing agent. Defendants misrepresented in the Disclosures that they were obtaining a loan (Exhibit C).

4. Defendants induced Plaintiff to sign a flawed contract which was of benefit to the Defendants, and which the Defendants had prepared.

5. Defendants induced Plaintiff to use Defendants as her settlement agent rather than a third party title company to conceal their fraud.  Defendants misrepresented their intentions, claiming the property was being purchased for an outside investor.  Defendants misrepresented the condition and value of the property, and failed to send plaintiff photographs of the interior.  Defendants represented they would promote the property through showings, open houses, and media dissemination.

6. Defendants had no intention to promote her property for sale, and failed to pursue an offer from a prospective buyer referred to them by the Plaintiff.  Defendants intended to use the property to advance their own interests at the expense of and to the damage of, their client, the

Plaintiff.

7. Defendants employed undue influence, through confidential information, knowing that their client, the Plaintiff, was in need of selling her property.

8. Defendants induced Plaintiff to use them as her closing agent despite the fact they were not qualified to act as title company, due to a conflict of interest as the buyer. The Defendants intended from the beginning to purchase the property for themselves, despite representations to the contrary, and despite their representation of the seller as her agent. As a result of Defendants' fraud in the inducement, Plaintiff sustained damages

## NINTH CAUSE OF ACTION-ACTUAL FRAUD

1. Plaintiff incorporates Paragraphs One through Eight of this Complaint, jurisdiction and venue.

2. Plaintiff incorporates Paragraphs Nine through 24.

3. Defendants committed actual fraud by representing they were obtaining a loan for the property when no mortgage or note was ever presented to the Plaintiff or filed. Defendants intended to defraud the Plaintiff from the beginning by having her agree to use their services as her listing agent, when the intention was to purchase the property for themselves and exclude other buyers. Defendants failed to follow up on a potential buyer referred by the Plaintiff. Defendants intentionally failed to send Plaintiff filed copies of the Contract and Deed because the Contract was altered and dated the same date as the Deed, and avoided and ignored responding to Plaintiff's email requests for copies of the filed documents.

4. Defendants used the Plaintiff's property during the contract term and prior to the Deed being effective, for their own business purposes, without her knowledge and failed to disclose in the contract that the buyer was the listing agent, or to disclose to the Plaintiff the actual value and condition of the property, or to send her photographs of the interior so that she could estimate the value, and failed to disclose their purpose in buying the property from her, as required by Indiana law.

5. Defendants knew they were violating Indiana law by purchasing their client's property during the agency relationship, and therefore failed to properly disclose to the Plaintiff and concealed information from her, including the intent to sell to MP and PM LLC, their own real estate business, and not to an unrelated third party, and failed to advertise, show and promote her property for sale to third parties.

6. Defendants inappropriately and for their own purposes persuaded Plaintiff to use them as her title company, a conflict of interest as they were the buyers and Plaintiff's agent, and failed to provide Plaintiff with a settlement statement. As a result of the Defendants' actual fraud, Plaintiff sustained damages.

TENTH CAUSE OF ACTION - VIOLATION OF INTERSTATE COMMERCE CLAUSE

1. Plaintiff incorporates Paragraphs One through Eight of this Complaint, jurisdiction and venue.

2. Plaintiff incorporates Paragraphs Nine to 24 of the Complaint.

3. Under the Interstate Commerce Clause of the U.S. Constitution (article 1, section 8, clause 3) the federal government has the power to regulate interstate mail, utility services such as wireless service providers and telephone providers. Defendants used the internet, telephone, mail and other means of communication to communicate with and facilitate the illegal Contract with the Plaintiff from Indiana. Defendants used interstate commerce to perpetuate their breach of contract and fraud on the Plaintiff as stated in Causes of Action One through Nine.

ELEVENTH CAUSE OF ACTION - VIOLATION OF SHERMAN ACT

1. Plaintiff incorporates Paragraphs One through Eight of this Complaint, jurisdiction and venue.

2. Plaintiff incorporates paragraphs Nine through 24 of the Complaint.

3. The Sherman Act,15 U.S.C. sections 1,2, provides that every contract or conspiracy in restraint of trade is illegal. The Defendants engaged in illegal activities, including violations of federal and state law, in interstate commerce, as part of their real estate activities, in order to defraud the Plaintiff. The Contract for sale, Disclosure, payments, and Deed, sent over the mail, were illegal

as part of a plan to defraud the Plaintiff. The Defendants are experienced real estate professional, knowledgeable in real estate practices in Indiana including the laws governing real estate brokers and agent, closing and settlement agents, and real estate contracts. Defendants engaged in interstate commerce over the internet, telephone and email, soliciting business outside of Indiana.

4. The Defendants acted in concert to persuade the Plaintiff her property was of no value, failed to promote it, hid the property's condition from her, discouraged other buyers, failed to honestly represent her as title company, misrepresented that they were securing the property for a disinterested buyer and obtaining a loan, and otherwise used fraud and artifice to obtain the Plaintiff's property.

5. As a result of the Defendants' illegal activity as described in Causes of Action One through Nine, Plaintiff sustained damages.

## PRAYER FOR RELIEF

**A.**    1. That the Plaintiff be awarded liquidated damages in the amount of $100,000.00 for losses sustained in direct and consequential damages.

2. That the Plaintiff be awarded equitable relief, and the property known as 1108 S. Prince St., Princeton, IN, 47670 be returned to her, the seller, as the contract was invalid ab initio as procured by fraud, altered after signing, and the subsequent sale to MP & PM LLC was a fraudulent transfer as MP & PM LLC was not a bona fide purchaser but a transfer between Defendants. In the alternative, that liquidated damages be awarded as stated in paragraph 1.

3. That the Plaintiff be awarded punitive damages in the amount of $200,000.00 for the wrongful conduct of the defendants, which was egregious and fraudulent, and violated Defendants' duties to the Plaintiff as her real estate agent, involved breach of contract and covenants, constructive fraud, fraud in the inducement, fraudulent concealment, actual fraud, failure to disclose, misrepresentations, breach of fiduciary duty, and violated Indiana law.

4. That Defendants be found to have violated the Interstate Commerce Clause due to the use of interstate commerce to defraud the Plaintiff, and damages flowing as a result as stated above.

5. That Defendant be found to have violated the Sherman Act as using the fraudulently obtained Contract in restraint of trade, intending to have the Plaintiff sell her property only to Defendants, leading to her damages.

6. That Plaintiff by awarded attorney fees, expenses, and costs in prosecuting this action pursuant to the Contract under section VI(4).  In the alternative, that the Plaintiff be awarded attorney fees, costs and expenses under Indiana law due to the wrongful and fraudulent conduct of the Defendants and in the interest of justice.

7. That the Plaintiff be awarded such other and further relief as shall be deemed just and proper.

DATED: January 21, 2021

**Respectfully Submitted,**

Ana Maria Soares,
Plaintiff in Pro Per
5816 NW Windy Pines Ln.,
Port St. Lucie, FL 34986
661-662-3589
albuqana@outlook.com

# EXHIBIT A

DULY ENTERED FOR TAXATION
Subject to final acceptance for transfer
12 day of April 2011

C.J. Mutangry
Auditor
Gibson County

Parcel # _____

**COPY**

201100001868
Filed for Record in
GIBSON COUNTY, INDIANA
DEBBIE S WETHINGTON, RECORDER
04-12-2011 At 02:12:06 pm.
CONTRACT          27.00

201100001868
ROBERT A MEEKS
702 S. MAIN ST
PRINCETON IN 47670

Instrument          PG      1 OF    9
201100001868

## LAND CONTRACT

**THIS LAND CONTRACT ("Contract") has been executed this 25th & 31st day of March,2011, by Ana Maria Soares, hereinafter referred to as ("Seller"), and Robert A. Meeks, hereinafter referred to as ("Purchaser"):**

## WITNESSETH THAT THE PARTIES AGREE AS FOLLOWS:

Seller hereby sells to Purchaser, and Purchaser hereby purchases from Seller, the following described real estate, together with all improvements thereon or belonging thereto, located in Gibson County, Indiana ("Real Estate"), being more particularly described as follows:

Lot number 57 in the Southside Addition to the City of Princeton, in Gibson County, Indiana

Commonly known as 1108 S Prince Street, Princeton, Indiana 47670. upon the following covenants, terms and conditions:

## PURCHASE PRICE AND MANNER OF PAYMENT

A. **PURCHASE PRICE.** The Purchase price for the Real Estate shall be the sum of Ten Thousand Two Hundred Fifty dollars ($10,250) ("Purchase Price"), which Purchaser agrees to pay Seller in accordance with the terms and condition of this Contract, without relief from valuation and appraisement laws and reasonable attorneys' fees.

B. **MANNER OF PAYMENT.** The Purchaser Price shall be paid in the following manner:

C. That the Purchaser Price of Ten Thousand Two Hundred Fifty dollars ($10,250) minus the Four Thousand Dollars ($4,000.00) down payment equals Six Thousand Two Hundred Dollars ($6,250.00) with interest at the rate of Zero (0%)

1 of 7

D.  Purchaser may make prepayments of any amount due hereunder at any time and without penalty or premium. No partial prepayment of the Contract Balance shall relieve Purchaser from continuing to make scheduled payments as they become due and payable.

E.  All payments made by purchaser, including prepayments, shall be applied

F.  All payments shall be made to Ana Maria Soares, or to such other place or person as Seller may direct by written notice to Purchaser.

G.  **A Five Dollar ($5.00) per day late fee may be applied to late payments.**

### TAXES AND INSURANCE.

(a)  **TAXES.  Purchaser shall pay the taxes on the Real Estate due and payable November,2011, and each year thereafter. Purchaser, upon written notice to seller and at Purchaser's expense, may contest on Seller's and Purchaser's behalf, any changes of the assessed valuation of the Real Estate. Seller shall forward or cause to be forwarded to Purchaser a copy of all statements for real estate taxes on the Real Estate payable by Purchaser, as received, and Purchaser shall provide to Seller upon request evidence of payment of such taxes.**

(b)  **ASSESSMENTS.  Purchaser shall pay all assessments for municipal and other improvements becoming a lien after the date of execution of this Contract. Seller covenants and agrees to pay all such assessments becoming a lien prior to such date.**

(c)  **PAYMENT BY SELLER. Upon failure of Purchaser to pay**

2 of 7

1. Immediately after the $4,000.00 down payment is received by the seller, the seller will convey or cause to be conveyed to the Buyer, by Warranty Deed, the above described real estate subject, however, to all easements and right-of-way; restrictions and limitations now of record; and other encumbrances which, by the terms of this Agreement, are to be made or suffered by Buyer and all other conditions herein provided for.

**V**

**ASSIGNMENT OF CONTRACT**

1. The Buyer may not sell or assign this Contract, the Buyer's interest therein, or the Buyer's interest in the real estate without the express written consent of the Seller.

**VI**

**USE OF THE REAL ESTATE BY BUYER, SELLER'S RIGHT TO INSPECTION AND BUYER'S RESPONSIBILITY FOR INJURIES**

1. **USE**

Buyer shall have possession of the Real Estate when down payment is made. Buyer may make alterations, changes or make improvements without the written consent of the Seller having first been obtained. No clause in this Contract shall be interpreted so as to create or allow any mechanics, labor, materialmen or other creditors of the Buyer or of an assignee of the Buyer to obtain a lien or attachment against the Seller's interest herein.

Buyer shall not commit waste on the real estate. In occupancy of the real estate, the Buyer shall comply with all laws, ordinances and regulations of the United States of America, the State of Indiana, and the County of Gibson. In the event of Buyer's breach

2

3 c) 7

of this Contract and a re-entry by Seller, the Buyer shall deliver the real estate and the improvements thereon to Seller free and clear of any liens or encumbrances and in as good condition as they are now, ordinary wear and tear, acts of God and public authorities excepted.

2.    SELLER'S RIGHT OF INSPECTION.

Seller shall have the right to enter and inspect the real estate at any reasonable time.

3.    BUYER'S INSPECTION AND RESPONSIBILITY FOR ACCIDENTS

Buyer has had opportunity to inspect the Real Estate and improvements thereon and purchases the same "as is". As part of the consideration hereof, Buyer assumes all risks and responsibility for accident or damage to person or property arising from the use of or in or about the real estate and any improvements thereon.

4.    INDEMNITY.

It is further agreed that Buyer shall and will pay to the Seller any and all costs, expenses, including attorney's fees, incurred by the Seller in any action or proceeding to which he may be made a party by reason of being a party to this Contract, and the Buyer further agrees to pay to the Seller all costs and expenses, including attorney's fees, incurred by the Seller in enforcing any of the covenants and provisions of this Contract or incurred in any action brought by or against the Buyer on account of any of the provisions and covenants herein contained, and all such costs, expenses and attorney's fees may be included in and from a part of any judgment entered in any proceeding brought by the Seller against the Buyer on or under this Contract and all shall be without relief from valuation or appraisement laws.

## VII

## SELLER'S REMEDIES ON BUYER'S DEFAULT

1.    Time shall be of the essence of this agreement. In case of failure of the Buyer to make any of the payments as they become due, or any part thereof, or perform any of Buyer's covenants, this Contract shall, at the option of the Seller, be forfeited and terminated and all payments theretofore made shall be retained by the Seller as rent for the use of said premises, and all rights and demands of Buyer under this Contract and in and to the real estate shall cease and terminate and Buyer shall have no further right, title or interest, legal or equitable, in or to the real estate and Seller shall have the right to re-enter and take possession of the premises aforesaid and, in addition, may recover any loss or damage which the Seller may sustain by reason of any default, or the Seller may sue and recover all

4·7 7

of said purchase money which, at the option of the Seller, shall become immediately due and payable. All sums payable hereunder are payable with attorney fees, without relief from valuation or appraisement laws. The failure or omission of the Seller to enforce his rights upon any breach of any of the terms or conditions of this agreement shall not bar or abridge his rights upon any subsequent default.

Before the Seller shall take any legal action to cancel this Contract, he shall first serve on the Buyer written notice of the default complained of and the Buyer shall have thirty (30) days from the posting or service of said notice to correct said default, provided, however, that no notice shall be required for the Buyer's default in payment or any monies agreed to be paid by the Buyer herein.

Seller shall not, however, have the right to cancel this Contract for nonpayment of any payment prior to the expiration of thirty (30) days from the due date of such payment.

Buyer agrees to pay the reasonable expense of preparation and delivery of any notice of default, including attorney fees if incurred.

2.  In the event that the Court finds that forfeiture of this Contract would be unjust and a forfeiture thereby denied, it is agreed that this Contract shall be construed and treated as a note and mortgage containing such provisions as are generally included in such notes and mortgages customarily employed in the community by prudent investors which note and mortgage so resulting shall contain but not be limited to the following provisions:

    a.  The Seller shall be entitled to have a receiver appointed by the Court to take possession and control of the real estate, to collect rents and profits and put said premises in good repair.

    b.  Upon default by the Buyer in any payment provided for under this Contract or in the performance of any covenant or agreement of the Buyer hereunder, or if the Buyer shall if a Trustee or receiver be appointed for the Buyer or for any part of the real estate, then in any such event, the entire indebtedness hereunder shall become immediately due and payable at the option of the Seller, without notice, and foreclosure accordingly had by Seller, without notice, and without relief from valuation or appraisement laws. Upon such foreclosure the Seller may continue the Abstract of Title to the real estate, or obtain other appropriate title evidence, and may add the cost thereof to the principal balance due.

5 of 7

c.    And the Buyer expressly agrees to pay the sum of money provided for in this Contract, together with attorneys fees, without any relief from valuation or appraisement laws, and in case any installment of principal or interest called for hereunder shall not be fully paid at the due date thereof as set forth herein or if any taxes or other lien upon said real estate shall remain unpaid and the due date thereof, then and in either of such events, it is agreed by the Buyer that all installments of principal, interest and all sums of money called for by this Contract shall be and become immediately due and payable, and the same may be collected at once and without any relief from valuation or appraisement laws and with attorney fees.

3.    The remedies provided for in the Contract shall be cumulative and not exclusive.

## VIII

### INSURANCE

During the term of this Contract Buyer shall at no cost to Lessor and if available due to the condition of the property maintain personal injury liability and property damage liability insurance in a single limit of not less than One Hundred Thousand Dollars ($100,000.00) covering the interests of both Seller and Buyer for hazards arising out of the use and occupancy of the real estate. Certificates evidencing this coverage shall be provided by the Buyer.

Buyer shall also, at no expense to Seller, be responsible for the loss or damage to the house on said real estate arising out of perils insured against under standard fire and extended coverage insurance policies in an amount of not less than the value of said house. This insurance shall be issued in the names of Seller and Buyer as their respective interests may appear and shall provide that the insurer may not cancel or materially change coverage without ten (10) days prior written notice to Seller. Buyer shall provide Seller with proof of such insurance coverage.

## IX

### GENERAL AGREEMENTS OF PARTIES

1.    All covenants hereof shall extend to and be obligatory on the heirs, personal representatives, successors and assigns of the parties hereto. When applicable, the singular shall apply to the plural and the masculine to the feminine or the neuter. Such addresses may be changed by either party by written advice as to the new address delivered to the other party as above provided.

6 of 7

Whenever consent is required of either party hereunder for the occurrence of any act, such consent shall not unreasonably be withheld.

14.    RECORDING. The Purchaser, at his expense, shall record a Short Form Land Contract at his request.

**IN WITNESS WHEREOF,** the parties have executed this instrument on this 25 day of _Marh_, 2011.

**BUYER**

_____
ROBERT A MEEKS

**SELLER**

_____
ANA MARIA SOARES

STATE OF_____ )
                     ) SS:
COUNTY OF _____ )

Before me, a Notary Public in and for said County and State, this _____ day of _____, 2011, came Robert A Meeks, and acknowledged the execution of the above and foregoing Contract for Conditional Sale of Real Estate to be their voluntary act and deed.

WITNESS, my hand and official seal.

Signature:_____
Printed:_____

My Commission Expires:

_____

_See attached California all-purpose Certificate of Acknowledgment_
_7 of 7_

Instrument         PG      8 OF    9
201100001868

# CALIFORNIA ALL-PURPOSE
## CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of _____**KERN**_____

On **03-25-2011** before me, _____Kristin M. Nahama – Notary Public_____

(Here insert name and title of the officer)

personally appeared ___ANA MARIA SOARES___

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary Public

(Notary Seal)

KRISTIN M. NAHAMA
COMM. #1815844
NOTARY PUBLIC • CALIFORNIA
KERN COUNTY
My Comm. Exp. Oct. 31, 2012

---

## ADDITIONAL OPTIONAL INFORMATION

### DESCRIPTION OF THE ATTACHED DOCUMENT

_____
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____ Document Date_____

_____
(Additional information)

### CAPACITY CLAIMED BY THE SIGNER
☐ Individual (s)
☐ Corporate Officer

_____
(Title)

☐ Partner(s)
☐ Attorney-in-Fact
☐ Trustee(s)
☐ Other _____

### INSTRUCTIONS FOR COMPLETING THIS FORM
*Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.*

* State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
* Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
* The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
* Print the name(s) of document signer(s) who personally appear at the time of notarization.
* Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they, is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
* The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
* Signature of the notary public must match the signature on file with the office of the county clerk.
    ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
    ❖ Indicate title or type of attached document, number of pages and date.
    ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
* Securely attach this document to the signed document

2008 Version CAPA v12.10.07 800-873-9865 www.NotaryClasses.com

Whenever consent is required of either party hereunder for the occurrence of any act, such consent shall not unreasonably be withheld.

14. **RECORDING.** The Purchaser, at his expense, shall record a Short Form Land Contract at his request.

**IN WITNESS WHEREOF**, the parties have executed this instrument on this _31st_ day of _March_, 2011.

**BUYER**

_Robert A. Meeks_
ROBERT A MEEKS

**SELLER**

_____
ANA MARIA SOARES

**THIS INSTRUMENT PREPARED**

BY _Robert A. Meeks_

STATE OF _Indiana_ )
                                  ) SS:
COUNTY OF _Gibson_ )

I affirm, under the penalties for perjury, that I have taken reasonable care to redact each Social Security number in this document unless required by law.

Name _Robert A. Meeks_

Before me, a Notary Public in and for said County and State, this _31st_ day of _March_, 2011, came Robert A. Meeks, and acknowledged the execution of the above and foregoing Contract for Conditional Sale of Real Estate to be their voluntary act and deed.

WITNESS, my hand and official seal.

Signature: _MaryAnn Pell_
Printed: _MaryAnn Pell_

My Commission Expires:
_10-18-2016_

7

# EXHIBIT B

**COPY**

```
201100001867
Filed for Record in
GIBSON COUNTY, INDIANA
DEBBIE S WETHINGTON, RECORDER
04-12-2011 At 02:11:55 pm.
WARRANTY     18.00
```

```
201100001867
ROBERT A MEEKS
702 S. MAIN ST
PRINCETON IN 47670
```

```
Instrument     PG    1 OF    2
201100001867
```

DULY ENTERED FOR TAXATION
Subject to final acceptance for transfer
_12_ day of _April_ _2011_

C.J. Mulraney
Auditor
Gibson County

Parcel # _____

## SPECIAL WARRANTY DEED
### (Parcel No. 26-12-18-201-001.628-028)

THIS INDENTURE WITNESSETH that Ana Maria Soares of Kern County in the State of California, CONVEYS AND WARRANTS to ROBERT A. MEEKS, of Gibson County in the State of Indiana, for and in consideration of One Dollar ($1.00) and other valuable consideration, the receipt whereof is hereby acknowledged, the following real estate in Gibson County in the State of Indiana, to-wit:

Lot Number 57 in the Southside Addition to the City of Princeton, in Gibson County, Indiana

The address of such real estate is commonly known as 1108 Prince Street, Princeton, IN 47670.

SUBJECT TO all legal highways, rights-of-way, restrictions, conditions, covenants, leases, easements, reservations of oil, gas, coal, minerals and mineral rights, limitations of record, zoning laws, and the land contract for purchase by payments between grantor and grantee, recorded in Gibson County Recorder's Office.

As a further consideration, Grantee Robert A. Meeks herein assume and agree to pay the November 2011 installment of taxes and assessments and all taxes and assessments as the same become due and payable thereon thereafter.

Grantor, as her sole warranty herein warrants to Grantee and its successors and assigns, that Grantor will forever defend title to the Real Estate (subject to the foregoing exceptions) against the claims of all persons claiming by, through, or under Grantor. But against none other, which claims are based upon matters occurring subsequent to Grantor's acquisition of the Real Estate.

Grantor, without warranting the existence of any such rights, also quitclaims to Grantee any right Grantor may possess with respect to any representation, warranty, including warranties of title, covenant or other obligation running to Grantor and touching and concerning the Real Estate.

Mail Taxes to Grantee Address:          Robert A. Meeks
                                        702 S. Main Street
                                        Princeton, IN 47670

IN WITNES WHEREOF, the said Ana Maria Soares has hereunto placed her signature this _29_ day of _March_ , 2011.

Ana Maria Soares

Instrument
201100001867   PG   2 OF   2

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of _____ KERN

On _March 29, 2011_ before me, _____ Josh Evans – Notary Public _____

(Here insert name and title of the officer)

personally appeared _____ Ana Maria Soares _____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary Public

JOSH EVANS
COMM. #1894050
NOTARY PUBLIC • CALIFORNIA
KERN COUNTY
My Comm. Exp. Jun. 27, 2014

(Notary Seal)

---

## ADDITIONAL OPTIONAL INFORMATION

### DESCRIPTION OF THE ATTACHED DOCUMENT

_____
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____ Document Date_____

_____
(Additional information)

### CAPACITY CLAIMED BY THE SIGNER

☐ Individual (s)
☐ Corporate Officer
_____
(Title)
☐ Partner(s)
☐ Attorney-in-Fact
☐ Trustee(s)
☐ Other _____

### INSTRUCTIONS FOR COMPLETING THIS FORM

*Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they, is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  ❖ Indicate title or type of attached document, number of pages and date.
  ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document

2008 Version CAPA v12.10.07 800-873-9865  www.NotaryClasses.com

# EXHIBIT C

**SALES DISCLOSURE FORM**
State Form 46021 (R9/7-09)

Prescribed by Department of Local Government Finance
Pursuant to IC 6-1.1-5.5

PRIVACY NOTICE: The telephone numbers and Social Security numbers of the parties on this form are confidential
according to IC 6-1.1-5.5-3(d).

**SDF ID**

| County | Year | Unique ID |
|---|---|---|

SDF Date: _____

**PART 1** – To be completed by BUYER/GRANTEE and SELLER/GRANTOR
**A. PROPERTY TRANSFERRED – MUST BE CONVEYED ON A SINGLE CONVEYANCE DOCUMENT**

| 1. Property Number | Check box if applicable to parcel | 5. Complete Address of Property | 6. Complete Tax Billing Address (if different from property address) |
|---|---|---|---|
| A.) 26-12-18-201-001.628-028 | ☐ 2. Split ☐ 3. Land ☒ 4. Improvement | 1108 S. Prince St. Princeton, In. 47670 | Bob Meeks 702 S. Main St. Princeton, In. 47670 |

**7. Legal Description of Parcel A:** SS ADD 57

| B.) | ☐ 2. Split ☐ 3. Land ☐ 4. Improvement | | |
|---|---|---|---|

**7. Legal Description of Parcel B:**

**B. CONDITIONS – IDENTIFY ALL THAT APPLY**

If condition 1 applies, filer is subject to disclosure and a disclosure filing fee.

| YES | NO | CONDITION |
|---|---|---|
| ☒ | ☐ | 1. A transfer of real property interest for valuable consideration. |
| ☐ | ☒ | 2. Buyer is an adjacent property owner. |
| ☐ | ☒ | 3. Vacant land. |
| ☐ | ☒ | 4. Exchange for other real property ("Trade"). |
| ☐ | ☒ | 5. Seller paid points. (Provide the value Table C Item 12.) |
| ☐ | ☒ | 6. Change planned in the primary use of the property? (Describe in special circumstances in Table C Item 3.) |
| ☒ | ☐ | 7. Existence of family or business relationship between buyer and seller. (Complete Table C Item 4.) |
| ☒ | ☐ | 8. Land contract. Contract term (Yr): 2011 - 2013 and contract date (MM/DD/YYYY): 3-20 - 2011 |
| ☐ | ☒ | 9. Personal property included in transfer. (Provide the value Table C Item 5.) |
| ☐ | ☐ | 10. Physical changes to property between March 1 and date of sale. (Describe in special circumstances in Table C Item 3.) |
| ☐ | ☒ | 11. Partial interest. (Describe in special circumstances in Table C Item 3.) |
| ☐ | ☒ | 12. Easements or right-of-way grants. |

If conditions 13-15 apply, filers are subject to disclosure, but no disclosure filing fee.

| YES | NO | CONDITION |
|---|---|---|
| ☐ | ☒ | 13. Document for compulsory transactions as a result of foreclosure or express threat of foreclosure, divorce, court order, judgment, condemnation, or probate. |
| ☐ | ☒ | 14. Documents involving the partition of land between tenants in common, joint tenants, or tenants by the entirety. |
| ☐ | ☒ | 15. Transfer to a charity, not-for-profit organization, or government. |

**C. SALES DATA – DISCLOSE VALUE OF ITEMS LISTED IN TABLE E ITEMS 1-15**

1. Conveyance date (MM/DD/YYYY): _____
2. Total number of parcels: 1
3. Describe any unusual or special circumstances related to this sale, including the specification of any less-than-complete ownership interest and terms of seller financing.
Buying on Contract For 10,250.⁰⁰ 4000.⁰⁰ down then 25 monthly payments of 250.⁰⁰ per mo. begining 5-1-2011

| YES | NO | CONDITION |
|---|---|---|
| ☒ | ☐ | 4. Family or business relationship existing between buyer and seller? Amount of discount: $ 0 |

Disclose actual value in money, property, a service, an agreement, or other consideration.
Seller Listed the house with me And I Am Buying It.

| | | |
|---|---|---|
| 5. Estimated value of personal property: | $ | 10,000.⁰⁰ |
| 6. Sales price: | $ | 10,250.⁰⁰ |

| YES | NO | CONDITION | | |
|---|---|---|---|---|
| ☒ | ☐ | 7. Is the seller financing sale? If yes, answer questions (8-13). | | |
| ☒ | ☐ | 8. Is buyer/borrower personally liable for loan? | | |
| ☐ | ☒ | 9. Is this a mortgage loan? | | |
| | | 10. Amount of loan: | $ | 6250.⁰⁰ |
| | | 11. Interest rate: | 0 | % |
| | | 12. Amount in points: | $ | 0 |
| | | 13. Amortization period: | 25 MONTHS | |

## D. PREPARER

**Preparer of the Sales Disclosure Form**
Robert A. Meeks

**Address (Number and Street)**
702 S. Main St.

**City, State, and ZIP Code**
Princeton, In. 47670

**Title**
Broker/Owner

**Company**
Sale 4Free Meeks Realty

**Telephone Number**
812-386-6777

**E-mail**

## E. SELLER(S)/GRANTOR(S)

**Seller 1 - Name as appears on conveyance document**
Ana Maria Soares

**Address (Number and Street)**
PO Box 6088

**City, State, and ZIP Code**
Pine Mountain Club, CA. 93222

**Telephone Number**
1-661-242-8001

**E-mail**

**Seller 2 - Name as appears on conveyance document**

**Address (Number and Street)**

**City, State, and ZIP Code**

**Telephone Number**

**E-mail**

Under penalties of perjury, I hereby certify that this Sales Disclosure, to the best of my knowledge and belief, is true, correct and complete as required by law, and is prepared in accordance with IC 6-1.1-5.5, "Real Property Sales Disclosure Act".

**Signature of Seller**

**Printed Name of Seller**          **Sign Date (MM/DD/YYYY)**

**Signature of Seller**

**Printed Name of Seller**          **Sign Date (MM/DD/YYYY)**

## F. BUYER(S)/GRANTEE(S) – APPLICATION FOR PROPERTY TAX DEDUCTIONS– IDENTIFY ALL ITEMS THAT APPLY

**Buyer 1 - Name as appears on conveyance document**
Robert A. Meeks

**Address (Number and Street)**
702 S. Main St.

**City, State, and ZIP Code**
Princeton, In. 47670

**Telephone Number**
386-6777

**Buyer 2 - Name as appears on conveyance document**
Inez D. Meeks

**Address (Number and Street)**
702 S. Main St.

**City, State, and ZIP Code**
Princeton, In. 47670

**Telephone Number**
664-2841

**E-mail**

THE SALES DISCLOSURE FORM MAY BE USED TO APPLY FOR CERTAIN DEDUCTIONS FOR THIS PROPERTY. IDENTIFY ALL OF THOSE THAT APPLY.

| YES | NO | CONDITION |
|---|---|---|
| ☐ | ☒ | 1. Will this property be the buyer's primary residence? Provide complete address of primary residence, including county: |

**Address (Number and Street)**
8765 E. 250 S.

**City, State ZIP Code**                **County**
OaklandCity, In. 47670

| YES | NO | CONDITION |
|---|---|---|
| ☐ | ☒ | 2. Does the buyer have a homestead in Indiana to be vacated for this residence? If yes, provide complete address of residence being vacated, including county: |

**Address (Number and Street)**

**City, State ZIP Code**                **County**

| YES | NO | CONDITION |
|---|---|---|
| ☐ | ☒ | 3. Homestead |
| ☐ | ☒ | 4. Solar Energy Heating/Cooling System |
| ☐ | ☒ | 5. Wind Power Device |
| ☐ | ☒ | 6. Hydroelectric Power Device |
| ☐ | ☒ | 7. Geothermal Energy Heating/Cooling Device |
| ☒ | ☐ | 8. Is this property a residential rental property? |
| ☐ | ☒ | 9. Would you like to receive tax statements for this property via e-mail? *(Provide contact information below. Please see instructions for more information. Not available in all counties.)* |

**Primary property owner contact name**
Robert A. Meeks

**E-mail**

Under penalties of perjury, I hereby certify that this Sales Disclosure, to the best of my knowledge and belief, is true, correct and complete as required by law, and is prepared in accordance with IC 6-1.1-5.5, "Real Property Sales Disclosure Act". (Note: Spouse information, Social Security and Driver's License/Other numbers are not necessary if no Homestead Deduction is being filed.)

**Signature of Buyer 1**

**Printed Legal Name of Buyer 1**
Robert A. Meeks    3-19-11
**Sign Date (MM/DD/YYYY)**

**Signature of Buyer 2/Spouse**

**Printed Legal Name of Buyer 2/Spouse**
Inez D. Meeks    3-19-11
**Sign Date (MM/DD/YYYY)**

## PART 2 - COUNTY ASSESSOR

The county assessor must verify and complete items 1 through 14 and stamp the sales disclosure form before sending to the auditor:

| | 1. Property | 2. AV Land | 3. AV Improvement | 4. Value of Personal Property | 5. AV Total | 6. Property Class Code | 7. Neighborhood Code | 8. Tax District | 9. Acreage |
|---|---|---|---|---|---|---|---|---|---|
| A.) | | | | | | | | | |
| B.) | | | | | | | | | |

**Assessor Stamp**

10. Identify physical changes to property between March 1 and date of sale. _____
_____
_____
_____
_____
_____

| YES | NO | CONDITION |
|---|---|---|
| ☐ | ☐ | 11. Is form completed? |
| ☐ | ☐ | 12. State sales fee required? |

13. Date of sale (MM/DD/YYYY): _____

14. Date form received (MM/DD/YYYY): _____

Items 15 through 18 are to be completed by the assessor when validating this sale:

15. If applicable, identify any additional special circumstances relating to validation of sale. _____
_____
_____
_____
_____
_____
_____
_____

| YES | NO | CONDITION |
|---|---|---|
| ☐ | ☐ | 16. Sale valid for trending? |
| ☐ | ☐ | 17. Validation of sale complete? |

18. Validated by: _____

## PART 3 - COUNTY AUDITOR

**Auditor Stamp**

1. Disclosure fee amount collected: $_____

2. Other Local Fee: $_____

3. Total Fee Collected: $_____

4. Auditor receipt book number: _____

5. Date of transfer (MM/DD/YYYY): _____

| YES | NO | CONDITION |
|---|---|---|
| ☐ | ☐ | 6. Is form completed? |
| ☐ | ☐ | 7. Is state fee collected? |
| ☐ | ☐ | 8. Attachments complete? |

-------------------------------------------------------------

## PART 4 – RECEIPT FOR STATEMENT OF DEDUCTION OF ASSESSED VALUATION

SDF ID _____        SDF Date (MM/DD/YYYY) _____

Parcel Number _____

Check all that apply:

☐ Homestead        ☐ Solar Energy        ☐ Wind Power
☐ Hydroelectric    ☐ Geothermal          ☐ Rental Property
☐ Electronic Statement (e-mail)

Buyer 1 - Name as appears on conveyance document

Address of Property (Number and Street)

City, State, and ZIP Code of Property

Auditor Signature                              Date (MM/DD/YYYY)

A person who knowingly and intentionally falsifies value of transferred real property, or omits or falsifies any information required to be provided in the sales disclosure form commits a Class C felony.

# EXHIBIT D

```
201400001095
Filed for Record in
GIBSON COUNTY, INDIANA
DEBBIE S WETHINGTON, RECORDER
03-14-2014 At 12:17:28 pm.
WARRANTY      19.00
```

DULY ENTERED FOR TAXATION
Subject to final acceptance for transfer
14 day of *March* 204

*Cheri Smith*
Auditor
Gibson County

Parcel #_____

```
201400001095
MP & PM LLC
702 S MAIN ST
PRINCETON IN 47670
```

```
Instrument        PG    1 OF    2
201400001095
```

## WARRANTY DEED

THIS INDENTURE WITNESSETH, That **ROBERT A. MEEKS** of Gibson County, in the State of Indiana, convey and warrant to **MP & PM LLC**, of Gibson County, in the state of Indiana, for the sum of $1.00 and other valuable consideration, the receipt whereof is hereby acknowledged, the following described REAL ESTATE in Gibson County, in the state of Indiana, to wit:

## SEE ATTACHED LEGAL DESCRIPTION, PG.2

As a further consideration, Grantees, MP & PM, herein assume and agree to pay the May 2014 installment of taxes and assessments and all taxes and assessments as the same become due and payable thereon thereafter.
**Mail taxes to:** Josh Meeks, 8225 E 300 S, Oakland City, IN 47660

IN WITNESS WHEREOF, the said ROBERT A. MEEKS have hereunto placed HIS hands and seals this the *13* day of *March*, 20 *14*

26-12-18-201-001.628-028

*Robert A Meeks*
ROBERT A. MEEKS

STATE OF INDIANA]
                ]SS:
COUNTY OF GIBSON]

Before me, the undersigned, a Notary Public in and for said County and State, this *13* day of *March*, 20 *14*, personally appeared **ROBERT A. MEEKS** and acknowledged the execution of the foregoing deed.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my official seal.

Signed: *Cheryl Sweeney*
Printed: *Cheryl Sweeney*
                                Notary Public

Lot Number 57 in the Southside Addition to the City of Princeton, in Gibson County, Indiana

The address of such real estate is commonly known as 1108 Prince Street, Princeton, IN 47670.

SUBJECT TO all legal highways, rights-of-way, restrictions, conditions, covenants, leases, easements, reservations of oil, gas, coal, minerals and mineral rights, limitations of record, zoning laws, and the land contract for purchase by payments between grantor and grantee, recorded in Gibson County Recorder's Office.